IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 0:08-401-CMC |
| v. | **OPINION and ORDER** |
| Zhivago Anwah Robinson, | |
| Defendant. | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant raises three claims. The Government filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant responded to the Government's motion and this matter is ripe for resolution.

Defendant raises three grounds for relief. He contends that this court erred at sentencing when it "confused" the enhanced penalty under 21 U.S.C. § 841(b)(1)(B) and found Defendant to be a career offender under U.S.S.G. § 4B1.1; that he is actually innocent of being a career offender; and that he received ineffective assistance of counsel at sentencing and on appeal based on the two foregoing alleged errors. *See generally* Mot. and Memo. in Support (ECF No. 238 & 238-1, filed Aug. 1, 2011). In his response to the Government's summary judgment motion, Defendant abandons his first ground for relief, as he provides no response in opposition to the Government's dispositive argument on this ground.

The court has reviewed the complete record in this case. Defendant's motion is without merit. Therefore, for the reasons stated in the Government's response, which this court finds to be correct and adopts as its findings, the court grants the Government's motion for summary judgment

1

as to Defendant's claims for relief.

**IT IS THEREFORE ORDERED** that the Government's Motion for Summary Judgment is **granted.** The motion under 28 U.S.C. § 2255 is *dismissed with prejudice*.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 13, 2011